


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:24mj 213 |
| v. | ) | 16 U.S.C. §§668(a) and 668c<br>Unlawful Taking of a Bald Eagle<br>(Count 1) |
| WILLIAM CUSTIS SMITH, | ) | 16 U.S.C. §§703(a) and 707(a)<br>Unlawful Taking of a Migratory Bird<br>(Count 2) |
| *Defendant.* | ) | 7 U.S.C. §§136j(2)(F) and 136l(b)(2)<br>Unlawful Use of a Pesticide<br>(Count 3) |
| | ) | 16 U.S.C. §§ 668b(b), 706, 707(d) &<br>28 U.S.C. § 2461(c)<br>Criminal Forfeiture |

CRIMINAL INFORMATION
(Misdemeanor)

THE UNITED STATES ATTORNEY CHARGES THAT:

**Background on Pesticide Regulation**

1. The manufacture, distribution, and use of pesticides was regulated by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), Title 7, United States Code, Sections 136, et seq., and the regulations promulgated by the United States Environmental Protection Agency ("EPA") pursuant to FIFRA and codified at Title 40, Code of Federal Regulations, Subchapter E.

2. The term pesticide was defined in part as "(l) any substance or mixture of substances intended for preventing, destroying, repelling, or mitigating any pest, and (2) any

substance or mixture of substances intended for use as a plant regulator, defoliant, or desiccant." 7 U.S.C. § 136(u).

3. Pesticides that were capable, without specific restrictions as to use, of causing "unreasonable adverse effects on the environment," were classified as a restricted-use pesticide. Because of their potential hazards, restricted-use pesticides were required to be distributed and used only for the specific purposes and according to the specific methods prescribed in labeling approved by EPA.

4. It was unlawful for any person to distribute or to use any registered pesticide classified for restricted use for some or all purposes other than in accordance with the pesticide's specified classification. 7 U.S.C. §§ 136a(d), 136j(a)(2)(F).

5. The pesticide carbofuran was a registered pesticide classified for restricted use. 7 U.S.C. § 136a(d); 40 C.F.R. § 152.175. In and around no later than 2009, the EPA concluded that dietary, worker, and ecological risks were unacceptable for all uses of carbofuran and that all products containing carbofuran generally caused unreasonable adverse effects on humans and the environment and did not meet safety standards.

6. Under FIFRA, the use of carbofuran against any birds, including Bald Eagles and Red-Tail Hawks, was prohibited.

**The Migratory Bird Treaty Act**

7. The Migratory Bird Treaty Act (MBTA) made it unlawful for any person, among other things, to kill any migratory bird except with a permit or as otherwise provided by regulation. 16 U.S.C. §§ 703(a), 707(a).

8. Pursuant to the MBTA, the Red-Tail Hawk is listed as a migratory bird. 50 C.F.R. § 10.13

9. The MBTA did not permit the use of registered pesticides against migratory birds under any circumstances.

**COUNT ONE**

10. Paragraphs 1-9 of this Criminal Information are re-alleged and incorporated by reference as though fully set forth herein.

11. On or about February 8, 2023, in the Eastern District of Virginia, defendant WILLIAM CUSTIS SMITH did knowingly and with wanton disregard for the consequences of his act, take a bald eagle, that is SMITH used the pesticide carbofuran to lace fish carcasses and placed them on his property with the intent to bait and kill a Bald Eagle.

(In violation of Title 16, United States Code, Sections 668(a) and 668c.)

**COUNT TWO**

12. Paragraphs 1-9 of this Criminal Information are re-alleged and incorporated by reference as though fully set forth herein.

13. On or about February 19. 2023, in the Eastern District of Virginia, defendant WILLIAM CUSTIS SMITH did unlawfully kill a migratory bird without permit or authorization, that is SMITH caught a Red-Tail Hawk in a pole trap on his property and proceeded to bludgeon it to death.

(In violation of Title 16, United States Code, Sections 703(a) and 707(a).)

**COUNT THREE**

14. Paragraphs 1-9 of this Criminal Information are re-alleged and incorporated by reference as though fully set forth herein.

15. On or about February 8, 2023, in the Eastern District of Virginia, the defendant WILLIAM CUSTIS SMITH did knowingly distribute, make available for use, and use the

registered-use pesticide carbofuran for the purpose of killing bald eagles and migratory birds, a purpose other than in accordance with its classification under FIFRA.

(In violation of Title 7, United States Code, Sections 136j(a)(2)(F) and 136l(b)(2).)

**FORFEITURE ALLEGATION**

1. The defendant, if convicted of the violation alleged in count one of this information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a. All bald or golden eagles, or parts, nests, or eggs thereof, taken, possessed, sold, purchased, bartered, offered for sale, purchase, or barter, transported, exported, or imported as part of the violation; and

b. All guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid in the taking, possessing, selling, purchasing, bartering, offering for sale, purchase, or barter, transporting, exporting, or importing of any bird, or part, nest, or egg thereof.

2. The defendant, if convicted of the violation alleged in count two of this information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

a. All birds, or parts, nests, or eggs thereof, captured, killed, taken, sold or offered for sale, bartered or offered for barter, purchased, shipped, transported, carried, imported, exported, or possessed as part of the violation; and

b. All guns, traps, nets and other equipment, vessels, vehicles, and other means of transportation used when engaged in pursuing, hunting, taking, trapping, ensnaring, capturing, killing, or attempting to take, capture, or kill any migratory bird as part of the

violation with the intent to offer for sale, or sell, or offer for barter, or barter such bird.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.).

(In accordance with Title 16, United States Code, Sections 668b(b), 706, and 707(d); and Title 28, United States Code, Section 2461(c).)

JESSICA D. ABER
UNITED STATES ATTORNEY

By: ______________________________

Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joseph.kosky@usdoj.gov